UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60138-BLOOM/Valle

BESWEETS CREATIONS, LLC,

    Plaintiff,

v.

ROBERT MCCLAIN,

    Defendant.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon the Plaintiff BeSweets Creations, LLC's Motion for Default Judgment Against Robert McClain ECF No. [27] (the "Motion"). A Clerk's default was entered against Defendant Robert McClain ("Defendants") on June 28, 2019, as Defendant failed to comply with Court orders and otherwise defend this case. *See* ECF No. [24]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

### I.    BACKGROUND

Plaintiff initiated this action on January 16, 2019, asserting claims for (i) trademark infringement and (ii) trademark counterfeiting, in violation of 15 U.S.C. § 1114. *See* ECF No. [1] ("Complaint" or "Compl."). As of the date of this Order, Defendant has not responded to the Complaint or otherwise appeared in this action.[1]

---

[1] On March 6, 2019, Plaintiff filed a notice attaching correspondence from Defendant, which was sent directly to Plaintiff. *See* ECF No. [12-1]. Otherwise, Defendant failed to appear or participate in this case.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. The Eleventh Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's discretion).

However, a defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the

complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if the court finds sufficient basis in the pleadings for judgment to be entered, and the complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). As such, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

## III. DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleadings to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of the well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled and sufficient to establish Defendant's liability.

"[T]o succeed on a trademark infringement claim, a plaintiff must prove (1) that its valid mark was used in commerce by the defendant without consent, and (2) that the unauthorized use was likely to cause confusion, to cause mistake, or to deceive." *Gen. Motors Corp. v. Phat Cat Carts, Inc.*, 504 F. Supp. 2d 1278, 1283 (M.D. Fla. 2006); *see Dieter v. B & H Indus. of Sw. Fla., Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). "The plaintiff's use of the mark must also predate the defendant's potentially confusing mark." *Ordonez*, 2011 WL 3843890, at *5 (citing *Tally-Ho, Inc. v. Coast Cmty. College Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1990)). In order to prevail on a

counterfeiting claim, a plaintiff must prove that a defendant infringed a registered trademark and that the defendant "intentionally us[ed] a mark . . ., knowing such mark . . . is a counterfeit mark." 15 U.S.C. § 1117(b). The test for liability for trademark counterfeiting is the same as for an infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992). Importantly, "[t]he 'likelihood of confusion test' does not require that a plaintiff prove that consumers would likely confuse the alleged infringer's product with the real product"; rather, "it is sufficient for a plaintiff to show that the unauthorized use of the trademark has the effect of misleading the public to believe that the user is sponsored or approved by the plaintiff." *Gen. Motors Corp.*, 504 F. Supp. 2d at 1284 (internal quotations omitted).

In the Complaint, Plaintiff alleges that it is in the business of marketing and selling vitamins, vitamin preparations, and dietary and nutritional supplements, and providing online retail store services featuring vitamin products in interstate commerce, with the Sugarbearhair standard and special form trademarks ("Marks"), pictured below. Compl., ECF No. [1] ¶¶ 8-9.



Plaintiff further alleges that it possesses three trademark registrations, and that through its use, advertising and promotion of the Marks, the Marks have become distinctive and identify Plaintiff as the source of the products offered. *Id.* ¶¶ 10-11, 14-16. Plaintiff asserts that Defendant was using Plaintiff's Marks in selling and offering for sale a vitamin product identical in appearance to Plaintiff's product, and that Defendant's use was intentional. *Id.* ¶¶ 18-20, 22-23. In addition,

4

Defendant's unauthorized use of the Marks is likely to confuse consumers. *Id*. ¶ 25. By default, Defendant has admitted the truth of these allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendant for trademark infringement and trademark counterfeiting.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. In the instant case, Plaintiff seeks injunctive relief and statutory damages, including treble damages and an award of attorneys' fees under 15 U.S.C. § 1117(b).

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1222-23 (S.D. Fla. 2004). Defendant's failure to respond or otherwise appear in this case makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship

favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). In the instant case, Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendant's unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendant is not permanently enjoined. *See* ECF No. [1]. Further, the Complaint alleges, and submissions by Plaintiff reflect, that Defendant's wrongful use of the Marks in using identical packaging and branding as Plaintiff's to sell products not made by Plaintiff or with Plaintiff's authorization, is likely to cause confusion to consumers. *See id*.

Plaintiff has no adequate remedy at law so long as Defendant continues to use the Marks because Plaintiff cannot control the quality of what appear to be its products in the marketplace. Plaintiff faces hardship from loss of sales and the inability to control reputation in the marketplace. By contrast, Defendant faces no hardship if he is prohibited from infringing Plaintiff's trademarks, which is an illegal act. Therefore, an award of monetary damages alone would not cure the injury to Plaintiff's reputation and goodwill that will result if Defendant's infringing actions are allowed to continue.

Finally, the public interest supports the issuance of a permanent injunction against Defendant to prevent consumers from being misled by Defendant's actions. *See Nike, Inc. v.*

*Leslie*, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). Defendant is profiting from the intentional misappropriation of Plaintiff's rights by using Plaintiff's trademarks. Accordingly, permanent injunctive relief prohibiting Defendant from continuing his unlawful activity is appropriate to achieve this end.

In addition, in a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00, nor more than $200,000.00, per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2).

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 1652044, at *6 (S.D. Fla. Apr. 23, 2014) (*citing Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a

defendant's profits in such cases is almost impossible to ascertain. *See, e.g.,* S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").

As the Court noted in its previous Order, ECF No. [28], Plaintiff has not provided sufficient evidence to support its request for statutory damages with respect to 805 units for which it proposes Defendant should be held responsible, nor that Plaintiff would be entitled to recover $1,000.00 per unit sold as it requests. *See Tyco Fire*, 218 F. App'x at 863 ("[T]he district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.").

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [27]**, is **GRANTED IN PART**;
2. The Court will determine the appropriate amount of damages at the evidentiary hearing scheduled for August 23, 2019, at 9:30 a.m. *See* ECF No. [28].
3. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendant Robert McClain awarding injunctive relief and damages in a separate order following the hearing.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 18, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Robert McClain
200 Beacon Hill Drive, Apt 1-P
Dobbs Ferry, NY 10522